BEFORE THE FIRST DIVISION, JANUARY 18, 1950

**No. 53924.**—International Commercial, Inc. *v.* United States, protest 143044–K (New York).

Opinion by COLE, J.   It was stipulated that the merchandise in question is the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).   The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53925.**—Armour & Co. *v.* United States, protest 152006–K (New York).

Opinion by COLE, J.   It was stipulated that the merchandise in question is the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).   The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53926.**—Coast Chemical Co. *v.* United States, protest 144166–K (Los Angeles).

Opinion by COLE, J.   It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378) and Abstract 52712. The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 53927.**—Coast Chemical Co. *v.* United States, protest 144167–K (Los Angeles).

Opinion by COLE, J.   It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378) and Abstract 52712. The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 53928.**—Wing Yee Yuen Wah Kee & Co. *v.* United States, protest 146460–K (New York).

Opinion by COLE, J.   It was stipulated that the products in question were not "pickled or salted," and that the 1.55 percent of salt found therein "is naturally